An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES SHEFFIELD; AND
MICHELLE SHEFFIELD,
Appellants,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 60829

**FILED**

MAR 29 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order resolving a petition for judicial review in a foreclosure mediation program matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellants Charles and Michelle Sheffield appeal the district court's order permitting the issuance of a foreclosure certificate. They argue that the district court abused its discretion because the appraisal produced for the mediation was generated by LandSafe, a wholly-owned subsidiary of respondent and beneficiary Bank of America, N.A., (BAC), and BAC allegedly misrepresented its ownership of LandSafe.

The Foreclosure Mediation Rules (FMRs) require parties to participate in the Foreclosure Mediation Program in good faith. See FMR 1(2), 21(1). The FMRs also require that, prior to mediation, the beneficiary generate and submit an appraisal "that satisfies the requirements provided in Rule 11.6." FMR 11(3)(b). Pursuant to FMR 11(6), "[t]he beneficiary of the deed of trust or its representative shall produce an appraisal . . . with respect to the real property that is the subject of the notice of default." (Emphasis added.)

SUPREME COURT
OF
NEVADA

(O) 1947A

13-09326

BAC asserts that, pursuant to this court's holding in Leyva v. National Default Servicing Corp., 127 Nev. ___, ___, 255 P.3d 1275, 1277-79 (2011), only those documents required under NRS 107.086(4) are held to a "strict compliance" standard, and therefore strict compliance with the FMR 11(3) requirements that do not appear in NRS 107.086(4) are not mandatory. The Sheffields, however, do not rely on FMR 11(3), but instead point to NRS 645C.730(1) in support of their argument. NRS 645C.730(1) states, in pertinent part, that

> [i]t is unlawful for an employee, director, officer or agent of an appraisal management company to influence or attempt to influence the development, reporting or review of an appraisal through . . . [a]ny . . . act or practice that impairs or attempts to impair an appraiser's independence, objectivity or impartiality.

Pursuant to NRS 645C.600, the provisions of NRS 645C.730 "do not apply to . . . [a] person, limited-liability company, partnership, association or corporation other than an appraisal management company which, in the normal course of its business, employs persons for the performance of real estate appraisal services." (Emphases added.) Here, BAC's use of the services of LandSafe does not place BAC within NRS 645C.034(1)'s definition of an appraisal management company. Rather, BAC functioned more as a "corporation other than an appraisal management company" when it employed LandSafe to perform the real estate appraisal for purposes of mediation and compliance with the FMRs. See NRS 645C.600.

Under the FMRs, BAC was only required, as the beneficiary, to "produce an appraisal" of the property at issue in the foreclosure for the purpose of mediation negotiation. See FMR 11(6). Thus, BAC was under no specific duty to provide an appraisal that benefited the Sheffields.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Even if we were to determine that BAC qualified as an "'appraisal management company'" pursuant to NRS 645C.034(1), BAC did not commit an act that attempted "to impair an appraiser's independence, objectivity or impartiality." NRS 645C.730(k). The FMRs merely required BAC to produce an appraisal for purposes of mediation, which it did.

For the foregoing reasons, we conclude that the district court did not abuse its discretion in ordering the issuance of a foreclosure certificate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Patrick Flanagan, District Judge
       Mark L. Mausert
       Pite Duncan, LLP
       Washoe District Court Clerk